UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

ALEX M. MANALOV,

                    Plaintiff,

      -against-

BOROUGH OF MANHATTAN COMMUNITY
COLLEGE,

                    Defendant.

------------------------------------ X

FEB 26 2013

MEMORANDUM DECISION AND
ORDER

12 Civ. 1919 (GBD)(FM)

GEORGE B. DANIELS, District Judge:

*Pro se* plaintiff Alex Manalov is a former student who was enrolled in the nursing program at Borough of Manhattan Community College ("BMCC") during the 2011-12 academic year. Plaintiff alleges that BMCC's nursing program was deficient for a number of reasons, including that his professors improperly prepared students for exams, treated him poorly, administered and graded exams in an unfair and arbitrary way, and generally were inadequate. Plaintiff also alleges that two of his professors "blatantly discriminated against all white males," including Manalov, and as a result "all white males ... failed the semester." Plaintiff further alleges that the professors created an "adverse education environment," that he "felt the hostility of the professors towards him because of his sex," and there was "no reasonable motivation" for the professors' actions "other than [their] personal dislike and hatred towards [sic] this particular group of students."

Plaintiff claims that he made numerous complaints about the inadequacies and deficiencies of the nursing program to Defendant, but Defendant failed to remedy the problems. Plaintiff alleges that as a result of his professors' actions and Defendant's failure to remedy his complaints, he failed his Fall 2011 semester final exams. Plaintiff contends that he then had

significant difficulty enrolling in the nursing program for the Spring 2012 semester and ultimately was forced to withdraw from the program. Plaintiff alleges that as a result of these deficiencies in the nursing program, Defendant (1) discriminated against him on the basis of race and gender; (2) violated his Fourteenth Amendment due process rights; (3) breached its contract with him; and (4) negligently supervised several BMCC professors.

Defendant moves to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). This Court referred the matter to Magistrate Judge Frank Maas for his Report and Recommendation ("Report"). Magistrate Judge Maas recommended that Defendant's motion to dismiss be granted.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of

those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Maas properly determined that Plaintiff has not stated a Title VI or Title IX discrimination claim. Plaintiff has not stated any facts from which one could infer any discriminatory intent or motivation with respect to race or gender on the part of Defendant. Nowhere in Plaintiff's complaint or opposition to Defendant's motion to dismiss does Plaintiff allege that Defendant referred to his race or gender. Plaintiff's conclusory allegations that *inter alia*, his professors "blatantly discriminated against all white males," and that "he felt the hostility of his professors towards him because of his sex," are insufficient to allege a cause of action.[1] See Yusuf v. Vassar Coll., 35 F.3d 709, 712-14 (2d Cir. 1994) ("A plaintiff alleging racial or gender discrimination by a university must do more than recite conclusory assertions.")

Magistrate Judge Maas properly determined that Plaintiff has not stated a Section 1983 claim for violation of the Fourteenth Amendment. Plaintiff has not alleged any facts suggesting that Defendant deprived him of any cognizable property or liberty interest. See McKithen v. Brown, 626 F.3d 143, 151 (2d Cir. 2010). To the extent Plaintiff's complaint could be construed as alleging that Plaintiff was "constructively dismissed" from the nursing program without due process, Plaintiff has not alleged that he sought any form of redress related to his withdrawal. Thus, he cannot claim that the process he was afforded was inadequate.[2]

---

[1] In any event, even if Plaintiff adequately had pleaded discrimination, his apparent failure to notify BMCC officials of the alleged discrimination would be fatal to this Title VI and Title IX claims. See Goonewardena v. New York, 475 F.Supp.2d 310, 329 (S.D.N.Y. 2007).

[2] Plaintiff's allegations also fail because he has not demonstrated or even alleged that there was a "direct causal link between [Defendant's] municipal policy or custom and the alleged constitutional deprivation." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Magistrate Judge Maas also properly determined that this Court should decline supplemental jurisdiction over Plaintiff's remaining state law claims for breach of contract and negligent supervision. A district court "may decline to exercise supplemental jurisdiction … if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Such an exercise of discretion is appropriate here, where the Court has not invested any appreciable time in this case. See Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010).

## CONCLUSION

Defendant's motion to dismiss Plaintiff's complaint is GRANTED. The Clerk of the Court is directed to close this case.

Dated: February 26, 2013
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge